

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# Bhatt v. Brownsville Gen Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bhatt v. Brownsville Gen Hosp" (2007). *2007 Decisions*. Paper 988.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/988

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1472
_____

NARESH I. BHATT, M.D.,

Appellant

v.

BROWNSVILLE GENERAL HOSPITAL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 03-cv-1578)
District Judge:  The Honorable Thomas M. Hardiman

_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2007

Before: FISHER, NYGAARD, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed June 7, 2007)

NYGAARD, Circuit Judge.

Dr. Naresh Bhatt sued Brownsville General Hospital, claiming that it revoked his staff privileges and interfered with his medical practice in violation of 42 U.S.C. §1981, and in violation of its own Fair Hearing Plan. The District Court granted summary judgment against Bhatt's claims. We will affirm.

I.

Dr. Bhatt served on the medical staff at regional hospitals in Pennsylvania, including Brownsville General Hospital, for over twenty years. In 1998, the Hospital's Medical Executive Committee began investigating Bhatt's patient care practices, and required him to complete ten hours of diabetic patient management. In 2000, the MEC learned that Bhatt had been forced to resign from Uniontown Hospital, and the Hospital's Utilization Review Committee referred several of Bhatt's charts to the MEC for further investigation.

The MEC formed a subcommittee which met with Bhatt regarding fluid management problems, transfusion issues, and inappropriate testing. Several months later, the URC referred more charts to the MEC for review, and the MEC forwarded four charts

to Dr. Mark Roberts, at the University of Pittsburgh, for an outside assessment. Roberts reported that, "in three of the four charts there are multiple examples of care that are, in my opinion, substantially below reasonable standards of care for the complaints and diagnoses for which the patients presented." Roberts also stated that Bhatt missed "obvious and significant signs of worsening clinical status" and that "inappropriate fluid management was a significant contributor" to the death of one patient.

The MEC met to consider all of the various reports, and voted to recommend revocation of Bhatt's staff membership and clinical privileges. Pursuant to its procedures, the Hospital granted Bhatt a hearing before its Fair Hearing Council (FHC). Bhatt and the MEC were represented by counsel, presented documentary evidence, examined and cross-examined witnesses, and presented oral arguments. After the parties were permitted to submit written statements, the FHC deliberated for over two hours, and voted to affirm the MEC's recommendation. The MEC's recommendation was later affirmed by the Hospital's Appellate Review Committee and Board of Directors, respectively.

II.

First, Bhatt claims the Hospital chose to revoke his staff privileges because he is a native of India. As evidence, he alleges that Dr. John Ewald and James Davis, Esq., made ethnically derogatory remarks toward him. Ewald was chief of staff at the Hospital and chairman of the MEC when it recommended revocation of Bhatt's privileges, and Davis was later a member of the Board of Directors.

3

Like the District Court, we accept Bhatt's averments as true and sufficient to establish a *prima facie* claim of discrimination, and the parties agree that the Hospital proffered legitimate, non-discriminatory reasons sufficient to rebut Bhatt's *prima facie* claim. However, we also agree with the District Court that Bhatt failed to show that the Hospital's proffered rationale was merely pretextual. First, the alleged statements by Ewald and Davis are not entitled to much weight. Even if accepted as true, they were both isolated, stray remarks by non-decision-makers. Second, Bhatt presented no evidence that any non-Indian physicians, with similar patient care problems, enjoyed better treatment by the Hospital. Finally, Bhatt presented one witness, Dr. Haus, whose testimony was contradicted by the conclusions of fifteen other physicians, several of whom were Indian.

Bhatt also claims that the Hospital interfered with his medical practice by, *inter alia*, disrespecting his patients, delaying patient tests, and withholding his mail after his privileges were suspended. As the District Court pointed out, however, there is no evidence that suggests either Dr. Ewald or Mr. Davis were involved in these actions, or that anyone else involved was motivated by ethnic prejudices against Bhatt. Bhatt failed to produce evidence to support a *prima facie* discrimination claim on this point.

Finally, Bhatt claimed the Hospital breached its own Fair Hearing Plan by appointing FHC members biased against him, delaying his hearing, and preventing him from calling witnesses and introducing certain exhibits. The Health Care Quality Improvement Act grants a health care provider presumptive immunity from suits brought

4

as a result of a "professional review action." We agree with the District Court that Bhatt failed to demonstrate that the Hospital was not entitled to immunity under the Act.

III.

Bhatt failed to present evidence sufficient to avoid summary judgment against his discrimination and state law breach of contract claims. We will affirm.